PONDER, Judge.
On February 26, 1975, plaintiffs-appel-lees, M. S. Foster, Paul S. Foster and Herbert Perma-Tox, Inc. (Perma-Tox) were notified by defendant-appellant, Louisiana Department of Agriculture, Structural Pest Control Commission (Commission) that Perma-Tox’s statutorily required bond and certificate of insurance would expire respectively on April 5 and April 3, 1975. The Commission notified Perma-Tox on April 21, 1975, that the bond and certificate of insurance had in fact expired and that failure to submit a new bond and certificate of insurance was a valid cause for revocation of Perma-Tox’s pest control license. On April 29, 1975, by certified registered mail, Richard Carlton, secretary of the Structural Pest Control Commission, revoked Perma-Tox’s license and ordered Paul S. Foster to return it to the Commission, together with the license of M. S. Foster and the registration certificate of Gerardo E. Alvarez and Gary S. Farris, employees of Perma-Tox. In addition to Perma-Tox’s failure to renew the bond and certificate of insurance required by LSA-R.S. 40:1268 C, its failure to pay $15.00 of fees for contracts issued in February, 1975, a violation of LSA-R.S. 40:1272, and its failure to register the name and address of an employee, a violation of LSA-R.S. 40:1264 and 1265 E, were also cited as reasons for revocation of the license.
Petitioners forwarded a new bond and certificate of insurance to the Commission on June 20, 1975. However, on July 24, 1975, Richard Carlton informed Perma-Tox that its license would not be reinstated.
Petitioners filed for a preliminary writ of injunction on August 19, 1975, praying that the Commission be enjoined “from interfering with the operation of Herbert *67 Perma-Tox, Inc. and damaging the reputation of same and/or revoking or suspending professional licenses of petitioners to engage in the business of termite control and eradication of household insects.”
Petitioners alleged that the revocation of the license was without legal effect for six reasons:
1) R.S. 40:1268 providing for the forfeiture and revocation of a license for failure to keep the bond and insurance in full force and effect requires only that the bond and insurance be kept in effect as long as the licensee remains engaged in pest control and eradication work. Petitioners alleged that Perma-Tox ceased operations when its bond and certificate of insurance expired, and therefore, revocation under R.S. 40:1268 was improper.
2) R.S. 40:1266 requires that licenses be revoked only by a unanimous vote of the Commission, so that Richard Carlton had no authority unilaterally and single-hand-edly to revoke petitioner’s license.
3) No reasonable notice and hearing were granted the licensee before revocation as required by R.S. 40:1266.
4) A new bond and certificate of insurance have been posted with the Commission.
5) The $15.00 fees due the Commission have been paid.
And, 6) The employee whom Perma-Tox allegedly failed to license engaged in no field work whatsoever and was employed solely in a clerical capacity.
In the court below, the parties stipulated at the hearing that the merits of the permanent writ of injunction were to be determined by the court. A further stipulation was made that Perma-Tox received no notice of any hearing and that no hearing was held prior to the revocation of Per-ma-Tox’s license.
After trial, the judge below held that R. S. 40:1266 required that plaintiffs be granted reasonable notice and a hearing before their license was revoked. The rule for permanent injunction was made absolute and the Commission was enjoined and prohibited from revoking plaintiffs’ license until such time as plaintiffs were granted an appropriate notice and hearing.
The Commission has timely apealed the judgment of the lower court. We affirm.
R.S. 40:1266 reads, in pertinent part, as follows :
“A. A license or registration certificate may be suspended or revoked by a unanimous vote of the commission for any violation of this Part or any rule or regulation promulgated hereunder after reasonable notice and hearing. Prior to the suspension or revocation of any license or registration certificate, the commission shall give notice to the licensee or the certificate holder by registered mail at the last known address of the licensee or certificate holder at least thirty days prior to the date of the hearing. Such notice to the licensee or certificate holder shall set forth the following information :
(1) 'The accusations made against such licensee or certificate holder and the specific section or sections of this Part violated.

B. After the issuance of notice to the licensee or certificate holder as herein-above provided, the commission shall hold a hearing at the time, date and place set forth in said notice, at which hearing the licensee or certificate holder shall appear and answer the accusations and violations set forth in the notice; provided, however, that in no instance shall the accused have his license or registration certificate revoked or suspended unless the commission, by unanimous vote, shall deem the evidence in support of the violation or violations of which the licensee or certificate holder is accused, as sufficient proof of such viola *68 tion or violations. Acts which shall be grounds for the revocation or suspension of a license or certificate of registration shall include, but shall not be limited to, the following:

(S) Failure of the licensee or certificate holder to comply with the requirements of this Part or failure to pay the fees required by R.S. 40:1272.” (emphasis supplied)
R.S. 40:1268, after requiring the pest control operator to furnish a certificate of insurance and a bond to the Commission, reads as follows:
“C. This insurance and bond shall be kept in full force and effect as long as the principal therein remains engaged in pest control or eradication work. Failure to so keep them in effect shall require forfeiture and revocation of the principal’s license by the commission.” (emphasis supplied)
Appellant contends on appeal, as it did in the court below, that the failure of a licensee to renew its bond and insurance as required under R.S. 40:1268 results in automatic forfeiture of the operator’s license and the need for a revocation hearing is dispensed with; that the hearing described in R.S. 40:1266 is applicable only to a breach of those rules or regulations listed under, or adopted by the Commission pursuant to, Section 1266, because the word “Part” used in Section 1266 refers only to that section of the Structural Pest Control Law.
Appellant’s contentions are unfounded. Title 40 of the Revised Statutes is entitled “Public Health and Safety.” Chapter 5 of Title 40 is entitled to “Miscellaneous Health Provisions.” Chapter S contains nineteen parts. Part X is entitled “Non-Agricultural Pest Control.” Section 1261A. of Part X states that “The provisions of this Part shall be known and may be cited as the ‘Structural Pest Control Law.’ ” Section 1266A. of Part X provides that the required notice and hearing at issue herein shall be . “for any violation of this Part or any rule or regulation promulgated hereunder . . . ” (emphasis added)
Thus, it is clear that the word “Part” as used throughout Part X, including Section 1266, refers to‘the Structural Pest Control Law.[1] And, since the failure to post a bond and a certificate of insurance are violations of the Structural Pest Control Law, plaintiffs were entitled to reasonable notice and hearing as granted by statute.
In spite of the foregoing, appellant argues that the protection of the public from a licensee who continues to operate without bond and insurance, mandates that Section 1268 C. be regarded as automatic in revoking a license when the operator fails to keep his insurance and bond in effect. This court is unwilling to make clearly worded and arranged statutes ambiguous under the guise of construing public policy. To adopt defendant’s position we would have to read the words “except the failure to maintain bond and insurance” into Section 1266 A.
Because we find that the revocation of Perma-Tox’s license was in violation of the Structural Pest Control Law which required that plaintiffs-appellees be given reasonable notice and a hearing, we deem it unnecessary to discuss the other serious contentions made by plaintiffs-appellees regarding the efficacy of the revocation.
*69 For the above and foregoing reasons assigned, the decision of the lower court is affirmed. Appellant is cast for all costs legally assessible to it.
AFFIRMED.

. In this regard, note that Section 1266 B., supra, does not purport to be exclusive in listing the grounds for revocation of a license which require notice and hearing. In fact, Section 1266 B.(5) contains a catch-all category of such grounds, specifically, the “Failure of the licensee or certificate holder to comply with the requirements of this Part. . .”